UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 16-20955-CR-WILLIAMS

UNITED STATES OF AMERICA

vs.

WILKIN DEJESUS MATOS FELIZ,
            Defendant.
_____/

## PLEA AGREEMENT

The United States of America and Wilkin Dejesus Matos Feliz (hereinafter referred to as the "defendant") enter into the following agreement:

1.   The defendant agrees to plead guilty to Count 1 of the indictment, which charges the defendant with conspiracy to possess with intent to distribute more than five kilograms of cocaine with the intent to distribute, in violation of Title 21, United States Code, Section 846.

2.   The United States agrees to seek dismissal of Counts 2 and 3 of the indictment, as to this defendant, after sentencing.

3.   The defendant is aware that the sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered.   The defendant is also aware that, under certain circumstances, the court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines.   The defendant is further aware and understands that the court is required to consider

the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The defendant also understands and acknowledges that, as to Count 1 of the indictment, the court must impose a statutory mandatory minimum of ten (10) years' imprisonment and may impose a statutory maximum term of up to life imprisonment. The court must also impose a statutory minimum term of supervised release of five years and may impose a maximum term of supervised release of life. In addition to a term of imprisonment and supervised release, the court may impose a fine of up to ten million dollars ($10,000,000).

5. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

6. The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office") reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations

2

contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7.    The United States agrees that it will recommend at sentencing that the court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility.  If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will make a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently.   This Office further agrees to recommend that the defendant be sentenced at the low end of the guideline range, as that range is determined by the Court.   The United States, however, will not be required to make this motion and these   recommendations if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8.    The United States agrees that, although not binding on the probation office or the court, the government will recommend that, pursuant to Section 5C1.2 of the Sentencing

Guidelines, the court impose a sentence within the sentencing guideline range without regard to any statutory minimum sentence identified in paragraph 3 above, provided that:

(a) defendant is not found to have more than one criminal history point, as determined under the Sentencing Guidelines;

(b) not later than the time of the sentencing hearing the defendant provides to the United States a written statement truthfully setting forth all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan as charged in the indictment; and

(c) the defendant is not found to have used violence or threats of violence, or to have possessed a firearm or other dangerous weapon in connection with the offense; that the offense did not result in death or serious bodily injury to any person; and that the defendant is not found to have been an organizer, leader, manager or supervisor of others in the offense.

9.   The United States and the defendant agree that, although not binding on the probation office or the court, they will jointly recommend that the court make the following findings and conclusions as to the sentence to be imposed:

a.   Quantity of narcotics: In assessing the defendant's relevant conduct, the quantity of controlled substances involved in the offense, for purposes of Section 2D1.1(a) and (c) of the Sentencing Guidelines, was approximately six kilograms of cocaine, resulting in a Base Offense Level of 30.

b.   The parties agree that no other specific offense characteristics under Section 2D1.1 apply to this defendant.

4

Case 1:16-cr-20955-KMW   Document 30   Entered on FLSD Docket 04/11/2017   Page 5 of 7

10.    The defendant also agrees that the defendant shall assist this Office in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of all rights, title, and interest, regardless of their nature or form, in all assets, including real and personal property, cash and other monetary instruments, wherever located, which the defendant or others to his knowledge have accumulated as a result of illegal activities.  Such assistance will involve an agreement on defendant's part to the entry of an order enjoining the transfer or encumbrance of assets which may be identified as being subject to forfeiture.  Additionally, defendant agrees to identify as being subject to forfeiture, including but not limited to those specific real and personal properties set forth in the forfeiture counts of the indictment, all such assets, and to assist in the transfer of such property to the United States by delivery to this Office upon this Office's request, all necessary and appropriate documentation with respect to said assets, including consents to forfeiture, quit claim deeds and any and all other documents necessary to deliver good and marketable title to said property.

11.    The defendant further agrees to forfeit to the United States voluntarily and immediately all of his right, title and interest to any and all assets, and/or their substitutes which are subject to forfeiture pursuant to Title 21, United States Code, Section 853.  Those assets include anything that is property constituting, or derived from proceeds of an unlawful drug activity or was used or intended to be used to facilitate unlawful drug activity as set forth in the Indictment.

12.    Defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States.  Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which

5

defendant is pleading guilty.   Indeed, because defendant is pleading guilty to Count 1, removal

is presumptively mandatory.   Removal and other immigration consequences are the subject of a

separate proceeding, however, and defendant understands that no one, including the defendant's

attorney or the Court, can predict to a certainty the effect of the defendant's conviction on the

defendant's immigration status.   Defendant nevertheless affirms that the defendant wants to plead

guilty regardless of any immigration consequences that the defendant's plea may entail, even if

the consequence is the defendant's automatic removal from the United States.

13.    The defendant is aware that the sentence has not yet been determined by the court.

The defendant also is aware that any estimate of the probable sentencing range or sentence that the

defendant may receive, whether that estimate comes from the defendant's attorney, the

government, or the probation office, is a prediction, not a promise, and is not binding on the

government, the probation office or the court.   The defendant understands further that any

recommendation that the government makes to the court as to sentencing, whether pursuant to this

agreement or otherwise, is not binding on the court and the court may disregard the

recommendation in its entirety.   The defendant understands and acknowledges, as previously

acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the

court's decision not to accept a sentencing recommendation made by the defendant, the

government, or a recommendation made jointly by both the defendant and the government.

14.   This is the entire agreement and understanding between the United States and the defendant.   There are no other agreements, promises, representations, or understandings.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 4/3/17                    By: _____
                                   BRIAN DOBBINS
                                   ASSISTANT UNITED STATES ATTORNEY

Date: 4/5/17                    By: _____
                                   FRANK SCHWARTZ, ESQ.
                                   ATTORNEY FOR DEFENDANT

Date: 4/5/17                    By: _____
                                   WILKIN DEJESUS MATOS FELIZ
                                   DEFENDANT

7